IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL WAYNE WARREN, § § Plaintiff, § § v. § § WESLEY MACKEY, et al., § § Defendants. § | No. 3:20-cv-3703-B (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Wayne Warren, an inmate at the Texas Department of Criminal Justice (TDCJ) Powledge Unit, brings this *pro se* civil action under 42 U.S.C. § 1983. For the reasons stated, the Court should dismiss Warren's complaint under 28 U.S.C. § 1915A.

I.

Warren brings this civil action under § 1983 against Defendant Wesley Mackey, a detective in the Cleburne Police Department, and two Cleburne Police Department officers, G. Jackson and K. Farmer. *See generally* Compl. (ECF No. 3). In his complaint, Warren alleges Mackey made false statements in a report filed in a Johnson County, Texas criminal case against him, Case Number DC-F201700801. *Id*. 6. Specifically, Warren alleges Mackey reported Warren had a criminal history with eighteen prior arrests for sexual assault. *Id*. Warren disputes that he had eighteen prior arrests for sexual assault. *Id*. However, Warren concedes

that he had a 2001 charge for indecency with a child. *Id.* He also concedes that, on June 7, 2017, he was arrested for indecency with a child. *Id.* Warren claims that he bonded out on a $25,000 bond, but he was re-arrested the next night for a parole violation, which he successfully discharged. *Id.* Warren does not make any specific allegations against G. Jackson or K. Farmer. He does state that, by this action, he intends to challenge his state conviction as improper, and he seeks reimbursement for lost wages, bond, pain and suffering, and emotional and psychological trauma suffered during the pandemic. *Id.* 4.

Further, in response to a Magistrate Judge's Questionnaire, Warren confirms that he is bringing this action to challenge the validity of his state court conviction. MJQ 2 (ECF No. 7); *see also id.* 3 (Warren explains that he is "challenging the validity of [his] conviction."). Warren explains that he was charged with the sexual assault of his children's mother in June of 2017, and he made a bond of $25,000. MJQ 2. The next day, he was arrested for a parole violation. *Id.* Warren alleges that the parole violation has since been discharged. *Id.* Warren further alleges that he fought his case for two years. *Id.* He alleges that during that time, he was fired from his job, and he lost his home, truck, and children. *Id.* Last, Warren alleges that he arrived at TDCJ on March 6, 2019. *Id.* At that time, he reviewed his offense report for the first time and discovered it contained many false allegations. *Id.*

II.

The Court should dismiss Warren's complaint, by which he seeks to attack the validity of his state conviction, under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court unequivocally stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87. "Consequently, 'a plaintiff's claim is *Heck*-barred despite its theoretical compatibility with his underlying conviction if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction.'" *Daigre v. City of Waveland, Miss.*, 549 F. App'x 283, 286 (5th Cir.

3

2013) (quoting *Bush v. Strain*, 513 F.3d 492, 498 n.14 (5th Cir. 2008)) (further citations omitted).

Here, Warren does not allege that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Thus, *Heck* bars his case. *See, e.g., Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (dismissing claim as barred by *Heck* on a motion to dismiss where the plaintiff did not allege that "any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of *habeas corpus*"); *Robinson v. Salmeron*, 2020 WL 1673184, at *2 (S.D. Tex. Apr. 2, 2020) (dismissing claims of unlawful disciplinary conviction as *Heck*-barred, noting that, "because he does not allege that the conviction has been set aside, his section 1983 claims and request for monetary damages are barred by *Heck*"); *Robinson v. Bureau of Prisons*, 2012 WL 6652772, at *3 (E.D. Tex. Nov. 12, 2012), *rec adopted*, 2012 WL 6652646 (E.D. Tex. Dec. 20, 2012) (dismissing plaintiff's claim for failure to state a claim where *Heck* applied, and the prisoner failed to "allege or demonstrate" that he challenged his conviction through a writ of *habeas corpus* or that his conviction was invalidated).

Last, a *pro se* plaintiff ordinarily should be granted leave to amend his complaint prior to dismissal. However, leave to amend is not required when the plaintiff "has already pleaded his 'best case.'" *Brewster v. Dretke*, 587 F.3d 764,

4

767-68 (5th Cir. 2009). Warren unequivocally avers that he is bringing this action to attack his state conviction in Case Number DC-F201700801. MJQ 2, 3 (ECF No. 7). As such, his case is *Heck*-barred. Therefore, granting leave to amend would be futile and cause needless delay.

## III.

The Court should DISMISS Warren's complaint pursuant to 28 U.S.C. § 1915A, and because a judgment in Warren's favor would necessarily imply the invalidity of his conviction, Warren's complaint should be dismissed with prejudice to any claim being asserted again until the *Heck* conditions are met.

SO RECOMMENDED.

October 22, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).